**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BORIS WOMACK, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| TEREX WASHINGTON, INC., | |
| Defendant. | |

### I.  INTRODUCTION

1.1  Boris Womack brings this disability discrimination action against his former employer, Terex Washington, Inc. ("Terex").  Terex is a global manufacturer of lifting and material processing products and services.  Over the course of his employment of nearly twenty-one years at Terex, Mr. Womack worked in various positions, including most recently as a Machine Operator.  In October 2017, Mr. Womack underwent knee replacement surgery.  He took medical leave as provided under the Family Medical Leave Act (FMLA) and applied for and received short-term disability benefits beginning October 23, 2017.  In mid-December 2017, Mr. Womack told Terex that he would notify them of his release to return to work date after his next post-operative medical appointment on February 27, 2018.  In mid-January 2018, while he was still recovering, Mr. Womack called Terex to ask about his compensation and benefits.  During that call, a human resources representative told Mr. Womack that Terex had terminated

COMPLAINT - 1

him because he had exhausted his FMLA leave.  Terex refused to discuss additional leave beyond his FMLA entitlement or any other accommodation.  By failing to engage in any interactive process with Mr. Womack and failing to reasonably accommodate his impairment, and instead terminating his nearly twenty-one-year employment, Terex violated the Americans with Disabilities Act as Amended and the Washington Law Against Discrimination.

## II.  PARTIES

2.1  Plaintiff Boris Womack is a former employee of Defendant Terex Washington, Inc.  He is a resident of Snohomish County, Washington.  At all times pertinent to this complaint, he was an "employee" within the meaning of the Americans With Disabilities Act As Amended ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.

2.2  Defendant Terex Washington, Inc. is a Washington corporation registered to do business in Washington State.  At all relevant times, Defendant operated the Terex Washington facility located on Northeast 76th Street in Redmond, Washington.  Defendant Terex is an "employer" within the meaning of the ADAAA and the WLAD.

## III.  JURISDICTION AND VENUE

3.1  This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and § 1332.

3.2  This Court has supplemental jurisdiction over Plaintiff's WLAD claims pursuant to 28 U.S.C. § 1367.

3.3  Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.  FACTS

4.1  Boris Womack began working at Terex on March 10, 1997.  Throughout his nearly twenty-one-year career at Terex, he worked as a production specialist, a machine

COMPLAINT - 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

operator, a team lead, and a supervisor.  Mr. Womack was a dedicated and satisfactory employee.

4.2    In the fall of 2017, Mr. Womack's doctor advised him to undergo a total knee replacement to relieve his knee pain.  On October 23, 2017, Mr. Womack received approval from Prudential Insurance, a third-party vendor Terex uses to administer employee leave, to begin his twelve weeks of leave pursuant to the Family Medical Leave Act.  Mr. Womack was also approved to receive short-term disability benefits, which paid a portion of his salary, while he was on leave.

4.3    On November 29, 2017, Mr. Womack underwent a total knee replacement.  At a follow-up appointment on December 26, 2017, Mr. Womack's doctor informed him that he would not be able to provide a "return to work" date until his next post-operative appointment on February 27, 2018.  Mr. Womack had signed a medical release authorization and arranged for his medical providers to send Terex and Prudential updates about his medical status from his healthcare providers.  Consequently, Terex and Prudential were notified that Mr. Womack would not be released to return to work until on or after February 27, 2018.

4.4    Terex's internal personnel policies require the company to contact the supervisor when an employee on medical leave requests additional leave.  On December 16, 2017, Mr. Womack notified Human Resources Manager Michelle Gillis that he would not be able to obtain a release return to work until his next medical appointment on February 27, 2018.

4.5    Neither Ms. Gillis nor anyone at Terex notified Mr. Womack's supervisor of his need for additional leave beyond his twelve-week entitlement under the FMLA.

4.6    On January 18, 2018, Mr. Womack called Terex to inquire about his pay and benefits.  A representative from Human Resources informed him that he had been terminated because he had exhausted his FMLA protected leave.

COMPLAINT - 3

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

4.7   No one from Terex or Prudential insurance notified Mr. Womack about the expiration of his FMLA leave or engaged in any interactive process to determine if Mr. Womack needed additional leave as a reasonable accommodation to enable him to return to his position after he was medically released to return to work.

4.8   Mr. Womack asked to discuss a reasonable accommodation for his disability rather than being terminated. Defendant Terex again refused to engage with him in an interactive process to devise reasonable accommodation for his impairment that would enable him to return to his job when he was released and maintained its decision to fire him.

4.9   By failing to engage in any interactive process to determine the feasibility of offering additional leave as an accommodation and terminating Mr. Womack's employment, Terex violated the ADAAA and the WLAD.

4.10   Terex sent Mr. Womack a letter dated January 18, 2018 stating that the company had terminated his employment because he had exhausted his FMLA leave as of January 12, 2018. Terex also claimed that Mr. Womack had exhausted his approved "personal leave" on January 18, 2018.

4.11   In fact, however, at the time of his termination, Mr. Womack had over fifty hours of accrued, unused paid time off ("PTO"). His paycheck for the pay period January 1, 2018 through January 14, 2018, issued on January 19, 2018, indicated a PTO balance of 51.87 hours. After Terex terminated his employment, on February 2, 2018, Terex sent Mr. Womack a check for the value of 56.48 unused PTO hours.

4.12   Upon information and belief, multiple Terex employees in positions comparable to Mr. Womack's have taken medical absences well in excess of twelve weeks without termination.

COMPLAINT - 4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

4.13   Mr. Womack was approved to return to work within weeks of his termination from employment at Terex.

4.14   Terex's termination of Mr. Womack's employment in violation of the ADAAA and the WLAD caused him to suffer lost wages and benefits and other pecuniary benefits of employment in amounts to be proved at trial.  In addition, Terex's termination of Mr. Womack's twenty-year employment instead of reasonably accommodating his impairment caused Mr. Womack to suffer significant emotional distress damages including humiliation, betrayal, anguish, disturbed mood and sleep, loss of interest in activities with family and friends, loss of consortium with his wife, and a loss of enjoyment of life.  The value of these damages will be determined by a jury at trial.

4.15   Mr. Womack filed a timely charge with the Equal Employment Opportunity Commission (EEOC) in February 2018.

4.16   Following an investigation, in August 2018, the EEOC issued a determination of reasonable cause to believe that Terex had failed to engage in the interactive process with Mr. Womack, denying him a reasonable accommodation and discharging him because of a disability, in violation of the Americans with Disabilities Act.  After failed attempts at conciliation, the EEOC issued a Notice of Right to Sue ("NRTS") letter on July 27, 2020.  This action is commenced timely, within ninety (90) days of Mr. Womack's receipt of the NRTS.

### V.   FIRST & SECOND CAUSES OF ACTION: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA

5.1   Plaintiff realleges paragraphs 1.1 through 4.16 as if fully set forth herein.

5.2   Mr. Womack was required to undergo a total knee replacement operation.  During his recovery from the surgery, he was substantially limited in his ability to stand or walk, which

COMPLAINT - 5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

was necessary to resume his work as a Machine Operator. At all times pertinent to this complaint, he had a disability within the meaning of the ADAAA.

5.3 Mr. Womack gave notice of his disability and kept Defendant Terex and its agent, Prudential Insurance, apprised of his medical status and his progress toward returning to work. Mr. Womack gave Terex notice that he needed additional leave beyond twelve weeks before he could return to work and informed Terex that he would have a date for his release to return to work at his February 27, 2018 post-operative medical appointment.

5.4 The ADAAA requires employers to engage in an interactive process and reasonably accommodate employees with disabilities unless such accommodation would pose an "undue burden."

5.5 The ADAAA prevents employers from discriminating against a qualified individual on the basis of disability in regard to discharge of employees and other terms, conditions, and privileges of employment.

5.6 Terex violated the ADAAA by failing to engage in any interactive process with Mr. Womack, failing to reasonably accommodate his disability, and by terminating his twenty-plus year employment without requesting any information from his healthcare providers about the anticipated duration of his additional leave or the anticipated date of his return to work or any possible reasonable accommodations that would have enabled him to return to his job.

5.7 Terex terminated Mr. Womack's employment with reckless indifference to Mr. Womack's rights under the ADAAA.

5.8 As a direct and proximate result of Defendant's unlawful conduct, Mr. Womack has suffered and continues to suffer lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, loss of consortium and loss of enjoyment of life, and other damages in amounts to be proved at trial.

COMPLAINT - 6

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## VI.  SECOND & THIRD CAUSES OF ACTION: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE WLAD

6.1    Plaintiff realleges paragraphs 1.1 through 4.16 as if fully set forth herein.

6.2    Mr. Womack was required to undergo a total knee replacement operation in November 2017.  During his recovery from the surgery, he was substantially limited in his ability to stand or walk, which was necessary to resume his work as a Machine Operator.  At all times pertinent to this complaint, he had a disability within the meaning of the WLAD.

6.3    Mr. Womack gave notice of his disability and kept Defendant Terex and its agent, Prudential Insurance, apprised of his medical status and his progress toward returning to work. Mr. Womack gave Terex notice that he needed leave beyond twelve weeks before he could return to work and informed Terex that he would have a date for his release to return to work at his February 27, 2018 post-operative medical appointment.

6.4    Upon notice of a disability, the WLAD imposes an affirmative duty on employers to inquire into the nature and extent of disability and requires employers to engage in an interactive process and to reasonably accommodate employees with disabilities whose impairment has a substantially limiting effect upon his or her ability to perform the job, unless doing so would impose an "undue burden."

6.5    The WLAD prevents employers from discriminating against a qualified individual on the basis of disability in regard to discharge of employees and other terms, conditions, and privileges of employment.

6.6    Terex violated the WLAD by failing to engage in any interactive process with Mr. Womack, failing to reasonably accommodate his disability, and by terminating his twenty-plus year employment without requesting any information from his healthcare providers about the

COMPLAINT - 7

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

anticipated duration of his additional leave or the anticipated date of his return to work or any possible reasonable accommodations that would have enabled him to return to his job.

6.7 As a direct and proximate result of Defendant's unlawful conduct, Mr. Womack has suffered and continues to suffer lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, loss of consortium and loss of enjoyment of life, and other damages in amounts to be proved at trial.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant, awarding him:

1. Lost wages, including front and back pay, and lost medical and retirement benefits, and other lost pecuniary benefits of employment;

2. Compensatory damages for emotional pain, grief, humiliation, mental anguish, loss of consortium and loss of enjoyment of life in an amount to be proved at trial;

3. Pursuant to the ADAAA, punitive damages against Terex Washington, Incorporated in an amount to be proved at trial;

4. Reasonable attorneys' fees, expert witness fees, and costs and expenses pursuant to 42 U.S.C. §12205 and RCW 49.60.030(2);

5. Pre- and post-judgment interest at the maximum rate allowed by law;

6. Damages to make up for any adverse tax consequences of any award to Mr. Womack;

7. A declaratory judgment that Defendant's actions violated the ADAAA and the WLAD; and

8. Such other and further relief as this Court may deem appropriate.

COMPLAINT - 8

1   DATED this 5th day of October, 2020.

3                                           FRANK FREED SUBIT & THOMAS LLP

6                               By: _____
                                    Sean Phelan, WSBA #27866
                                    Attorney for Plaintiff Boris Womack
                                    705 Second Avenue, Suite 1200
                                    Seattle, Washington 98104
                                    Phone: (206) 682-6711
                                    Email: sphelan@frankfreed.com

COMPLAINT - 9

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711